UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

    THE VAUGHAN COMPANY, REALTORS,    Case No. 10-10759-s11

    Debtor.

---

JUDITH A. WAGNER, Chapter 11 Trustee of the
bankruptcy estate of the Vaughan Company, Realtors,

    Plaintiff,

v.    Adversary Proceeding No. 12-1008-s

F.R. (FRANK) HECKL,
VICKI HECKL a/k/a VICKI PERRIGO,

    Defendants.    United States District Court
    Case No. 12-CV -00278-WJ-SMV

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

    Plaintiff Judith A. Wagner, Chapter 11 Trustee of the bankruptcy estate of The Vaughan Company, Realtors ("Trustee"), by counsel, files this Response in Opposition to defendant's F.R. (Frank) Heckl and Vicki Heckl's (together, the "Defendants'") Motion to Dismiss, filed February 29, 2012 (Docket No. 4) (the "Motion"), and in support hereof, states:

    1.    By the Motion, Defendants request the Court dismiss the above-captioned adversary under two theories; first, under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, and second, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### Defendants' Fed. R. Civ. P. 12(b)(1) Arguments

    2.    In the Motion, Defendants allege that the Bankruptcy Court is without subject matter jurisdiction to enter final judgments in the above-captioned case given the Supreme

Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011) because the Trustee's complaint is not, in its entirety, a core proceeding.

3. On March 16, 2012, Defendants filed a Motion to Withdrawal the Reference and for Abstention and a Brief in support. In the Motion to Withdrawal the Reference, Defendants essentially reincorporate their Fed. R. Civ. P. 12(b)(1) argument that the Bankruptcy Court is without subject matter jurisdiction to enter final judgments on the Trustee's complaint. The Trustee intends to timely respond to the Defendants' Motion to Withdrawal the Reference.

4. However, the Trustee denies that the Bankruptcy Court lacks subject matter jurisdiction over the claims asserted in the complaint and believes that *Stern* is not relevant to the issue of whether the Bankruptcy Court has subject matter jurisdiction, but only whether the Bankruptcy Court has the authority to enter a final judgment.

### Defendant's Fed. R. Civ. P. 12(b)(6) Argument

5. Defendants do not explicitly identify which counts in the complaint that the Trustee has allegedly failed to adequately plead, but rather assert only a cursory statement that Trustee has failed to state a claim for relief.

6. The Trustee denies the Defendants' allegations that the Trustee has failed to set forth a claim under Fed. R. Civ. P. 12(b)(6) in any count in the complaint, and affirmatively states that she believes she *has* sufficiently alleged all facts necessary to support the required elements under all claims asserted in the complaint.

WHEREFORE, Trustee requests that the Court deny the Motion, and for all other just and proper relief.

Respectfully Submitted,

ARLAND & ASSOCIATES, LLC

By: *s/ filed electronically*
    James A. Askew
    Edward A. Mazel
    Aletheia V.P. Allen
    201 Third Street, NW, Suite 505
    Albuquerque, New Mexico 87102
    Telephone: (505) 338-4057
    Facsimile: (505) 338-4061
Attorneys for Judith A. Wagner, Chapter 11 trustee of the Vaughan Company Realtors bankruptcy estate

**CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing was served via the CM-ECF notification system to all parties of interest this 21st day of March, 2012.

*/s/ Edward A. Mazel*
Edward A. Mazel